Dushan Zatecky May it please the court, Mr. Miller's lawyer on direct appeal made an inexcusable mistake. Despite Mr. Miller asking him to appeal the length of his sentence, an appellate issue that was supported by four on-point decisions of Indiana appellate courts, counsel never raised the issue in his brief. Mr. Friedman, I wonder what you think the consequence is of the state appellate court's decision that had this argument been raised, the sentence would have been affirmed. And I'm asking not whether you agree or disagree with that. Obviously you disagree with that. But that seems to me a proposition of state law. That is, this sentence was proper as a matter of state law. And of course, a collateral attack under 2254 does not entitle you to disagree with state court decisions on issues of state law. So my principal question for you in this case is, is there anything here other than that decision on an issue of state law? Your Honor, it is not my position that the Indiana Court of Appeals – let me rephrase. The Indiana Court of Appeals did not decide as a matter of state law that this sentence would not – It said that if this issue had been raised, the sentence would have been affirmed. Not might have been affirmed. Would have been affirmed. Your Honor, that's correct, but they were only looking at case law that was available to Mr. Miller's appellate counsel at the time of direct appeal. They were not examining cases that – It's still a question of state law. That is – You're not saying that the sentence was constitutionally wrong, just that as a matter of state law, something should have been done with it. So we've got a decision by the state court of appeals on an issue of state law. And the question I'm seeking to pursue is, isn't that just the end? I don't believe it is the end, Your Honor. The question on habeas review is whether there was a reasonable – or for ineffective assistance of counsel claims is whether there was a reasonable probability that a panel at the time of direct appeal would have revised Mr. Miller's sentence. The Indiana court of appeals determination in this case that a panel might not have or would not have revised the sentence is not the correct question. The question is whether there's a reasonable probability. Different panels of the Indiana court of appeals – Look, the state court of appeals in this case said there is no probability. It's not that it might have been affirmed. The court said it would have been affirmed. I mean, that doesn't leave probabilities. It's not asking for likelihoods. It just tells us what would have happened. That's why I'm asking how you get away from the fact that this seems to be a state court decision on an issue of state law only, and in a federal collateral attack, state court decisions on state law are conclusive. That is correct, Your Honor, but the question is whether Mr. Miller's appellate counsel was ineffective. That question is whether there's a reasonable probability that Mr. Miller's appellate counsel would – Look, are we thinking about the same appellate decision? The appellate decision said counsel should have raised it, and had he done so, we would have affirmed. Well, both things can be true, and we end up with an issue of state law. That's my problem. You haven't shown how there's anything other than an issue of state law here. Well, Your Honor, in Shaw v. Wilson, this court addressed that very question. In Shaw, the question was whether appellate counsel was ineffective for failing to raise the issue of amendments to the indictment that was untimely. This court said counsel was ineffective based on a decision of the Indiana Supreme Court that postdated the collateral – I'm sorry, the direct appeal by more than four years, and in that decision, this court addressed the state law question, and it said there are two different questions being posed. One is an issue of state law, which, of course, this court cannot review. The other is a question of federal law, which is whether there's a reasonable probability that the Indiana Court of Appeals would have reached a different conclusion. The latter determination is something this court is competent to adjudicate. That much is clear from Shaw v. Wilson, because otherwise, petitioners could never raise an issue of ineffective assistance of appellate counsel for mishandling a state law issue. That's what this court said in Shaw, and that's what I'm essentially asking you to do here today, is to determine whether the Indiana Court of Appeals determination that there wasn't a reasonable probability, whether that narrow issue was decided contrary to the Supreme Court's decision in Lockhart v. Fretwell and Strickland v. Washington. In Lockhart, this Supreme Court unequivocally held that prejudice is measured with the benefit of hindsight. Let me follow up on Judge Easterbrook's question. The court says, well, if we decided this, you would have lost. That's not a statement of the law. Isn't that kind of a dicta? They're not deciding something. Am I missing something? Your Honor, that's certainly one way to look at it. If the Indiana Court of Appeals was, in fact, deciding an issue of state law, then it would have been dicta, because the correct question at that point was whether there was a reasonable probability that Mr. Miller's appellate counsel's mistake would have, in fact, did prejudice Mr. Miller. So, yes, to the extent the Indiana Court of Appeals seems to have reached that issue, it would be dicta. So returning back to Lockhart v. Fretwell, the court was clear that the performance prong has to be measured at the time of error for several reasons. First, it would dampen the ardor of counsel. It would impair the independence of counsel, and it would discourage the acceptance. You're not challenging that aspect of the state court's decision. I'm sorry? You're not challenging that aspect of the state court's decision because deficient performance was, in fact, found by the state courts. Correct. I'm not determining that. We're talking about the prejudice analysis. Yes, Your Honor. And prejudice would have been found in this case had the Indiana Court of Appeals looked at all of the case law available to it at the time of collateral appeal. At the time of collateral appeal, there were no less than 11 decisions of the Indiana Supreme Court and the Indiana Court of Appeals that revised sentences for offenders like Mr. Miller, convicted of the same offense, multiple offenses, multiple convictions, multiple counts, that is, similar aggravated. On your argument about contrary to, they didn't actually say, we can't consider these cases. They just didn't consider them. Isn't that right? Your Honor, the They didn't say, oh, we're not going to consider these. Your Honor, they did say they're not going to consider them. When they talked about, when the Indiana Court of Appeals talked about Walker, when it talked about Keene, it justified its discussion of each by saying each was available to Mr. Miller's counsel on direct appeal. Particularly enlightening is the discussion of Keene, wherein the court went out of its way by footnoting the fact that Keene, that the Indiana Supreme Court had denied transfer in Keene several months before Mr. Miller's direct appeal was filed. Right, but saying that these decisions were available to counsel at the time of the direct appeal is not the same as saying we declined to consider any other decisions. I think that's the import of Judge Edelman's question. That's correct, Your Honor. However, the fact that both the State and Mr. Miller brought cases postdating Mr. Miller's direct appeal to the court's attention, the court decided not to address those decisions in its decision, and then subsequently explained essentially why it didn't discuss those cases by its statements with respect to Walker and Keene. What I'm saying is that I think your unreasonable application argument on that point is stronger than your contrary to it. That might be correct, Your Honor. And, of course, we are continuing to assert that the Indiana Court of Appeals decision was an unreasonable application of Strickland, and we would be happy if the court agreed with us on that. If there are no further questions, I'd like to reserve some time for rebuttal. Certainly, Mr. Friedman. Thank you. Mr. Drull. May it please the Court. The Indiana Court of Appeals reasonably applied Strickland. Miller wants this court to second-guess a state court determination of a state law question, and, of course, this court won't do that on appeal. The only avenue Miller has for relief is showing that the Indiana Court of Appeals unreasonably applied Strickland when it did not consider subsequent cases, cases that wouldn't have been available at the time of Miller's direct appeal. Hindsight for Strickland prejudice analysis is permissible, but it's not required. The only clearly established federal law that we have that says hindsight is required is the situation that was in Fretwell, where the defendant argued that his attorney was ineffective for not making an objection that would have been good law at the time, but by the time he reached habeas verdict. No. The holding is that they would not have been good law, that they would have taken advantage of an error by the Court of Appeals. That's right. That's the holding of Lockhart, which is why the justices have later said that Lockhart is a ticket good for one train only. Right. I think what I was trying to say, Your Honor, is that at the time he made the objection, at the time his attorney, he wanted his attorney to make the objection. It would have been a valid objection. But by the time they got up to habeas rebuke. No, you're missing the point. It would not have been a valid objection. It might have been accepted by the court in error. Right. Okay. That was what set Lockhart up. Right. Was the conclusion that the thing the lawyer failed to get the court to do had been definitively established to be an error. That's right. That's right. So Lockhart and Fretwell is limited to those unusual circumstances. And this is not one of those unusual circumstances. The law has not changed since the time of Miller's direct appeal. And this isn't the type of claim that it makes sense for the court to consider hindsight on post-conviction review. Because the subsequent cases wouldn't have been available to Miller's attorney at the time of his direct appeal. So they do not make it any more likely that the outcome of his direct appeal would have been different. Well, when are you supposed to use hindsight then? If not in this case, when would you use it? Right. In the situation we had in Fretwell. That's like hardly ever. Right. That's right. Hindsight is permissible. This court, of course, looked at hindsight in Shaw v. Wilson when the law had been clarified. So the law was unclear at the time of direct appeal, and then it was later clarified. And the court looked at that case to determine what the law was. There's all these Indiana courts that have revised sentences in cases just like this one, and they were basically ignored. Isn't that a problem for you? No, it's not, Your Honor. And I disagree that the cases were just like this one. Under Appellate Rule 7B, the defendant has to show that his sentence is inappropriate in light of both the nature of the offense and the character of the offender. So there may be cases where the nature of the offense is similar, but the characters of the offender are different. And Miller wouldn't have been able to point to those later cases on direct appeal to show that his case was an outlier in light of those cases. So hindsight is only required in that one limited circumstance, but it's permissible in other circumstances. But it really doesn't make sense in this case. And I would also point out that the subsequent cases that Miller cites that he says the court should have considered don't make it any more likely that his claim on direct appeal would have prevailed, because those cases considered the same type of factors that the cases considered in the cases that were available on direct appeal that those cases considered. For example, that he was a father figure. That was a factor that the court considered that showed that the nature of the offense didn't make his sentence inappropriate. But all he has to show is that there's a reasonable chance that he would have gotten a different outcome. He doesn't have to show that he would have won. That's right. And the Indiana Court of Appeals determined that there was no reasonable chance, because his sentence was not inappropriate when you apply Appellate Rule 7B. And that's a state law question, which this court shouldn't second-guess now. If there are no further questions, the state asks that this court affirm the district court. Thank you. Thank you, Mr. Drum. Anything further, Mr. Friedman? One quick point, Your Honor. I'd like to briefly address the state law issue question. Perhaps I wasn't being clear enough before, but what I'm asking is for this court to make a very limited determination about whether there was a reasonable probability that had Miller's appellate counsel raised this issue on direct appeal, his sentence would have been revised. The Indiana Court of Appeals didn't decide that question, in my view. It said there was no probability. It said that. That is, I assume, less than a reasonable probability. Yes, Your Honor. 0% is less than 25%, say. Your Honor, even if that is what the court said, they said it based on case law limited to the period of time. I know, but that's where we're back to just arguing state law. The different way of looking at this, the one suggested by Judge Adelman, would be that the statement, we would have affirmed, is not actually an affirmance, but is a proposition of fact that this is what would have happened in the alternative world. But aren't state findings of fact protected by 2254E? They are, in fact, Your Honor. I see that my time is up, and so I would answer the question. While we're talking, you can answer. Thank you, Your Honor. Findings of fact are, in fact, protected. However, this is an issue of law, whether there was a reasonable probability that Miller's sentence would have been revised on direct appeal. And that's what I'm asking this court to look at. Yeah, but that just gets back to a reasonable probability of whose law? State only, one supposes. Anyway, we've been around this. Thank you very much. Thank you, Your Honor. Mr. Friedman, we appreciate your willingness and that of your law firm to accept the appointment in this case, and the assistance you provided both to the court and your client. The case is taken under advisement, and the court will be in recess. Thank you.